## SUPREME COURT.

### Stephen G. Wood agt. Robert Chew and others.

Where a farm is advertised in the newspapers for sale, and a particular descrip-
tion of it is given, a *purchaser*, relying on the advertisement and the assur-
ances of the owner, that the premises are all, and even better than is repre-
sented by the advertisement, is entitled to have whatever difference there may
be in the value of the farm as described in the advertisement and as it actu-
ally was at the time of the sale, credited to him as a payment on the purchase
money for it, as of the date of the sale, to be ascertained by a reference.

Where an assignee of the bond and mortgage, given for the purchase money of
such premises, was informed before purchasing the security that the mortgagor
claimed a deduction from their amount, on account of the deficiency in the
value of the premises, as not corresponding with the advertisement; and that
if the assignee paid over a certain sum for such securities, he did so at his own
risk, the assignee, on foreclosure of the mortgage, was limited in his recovery
to the sum thus restricted by the mortgagor.

The value of a *dower right* in premises sold on representation of giving a perfect
title, will be deducted from the purchase money, on foreclosure of the mort-
gage, for the same, where it appears that the grantor had a lawful wife living
in England, although a woman here he called his wife joined in the execution
of the deed with him as his wife.

*New-York Special Term, Sept.,* 1856.

In the winter of 1851, Peter Walker was the owner of a
farm at Summer Hill, Middlesex county, New-Jersey : he was
desirous to make sale of it, and, on the 7th of February in that
year, caused the same to be advertised in several of the New-
York newspapers.

This advertisement fell under the notice of the wife of the
defendant Chew, and she, knowing his wish to purchase a place
similar to the one advertised, near the city of New-York, upon
which a relative could reside, cut the advertisement from the
paper, and sent it to him—he, at that season of the year, resid-
ing at Alexandria, in the state of Louisiana, and his wife being
in the city of New-York.

In reply to this letter of his wife, the defendant Chew au-
thorized her to purchase the place for the price asked for it,

($7,000,) provided it corresponded with the advertisement sent to him.

The substance of this letter being stated to Walker, he replied that the farm was everything stated in the advertisement, and even more. Mrs. Chew thereupon purchased the place, agreeing to give therefor the sum of $7,000; fifteen hundred dollars of the purchase money to be paid in cash, a mortgage on the farm of $2,000 assumed by the purchaser, and defendant Chew gave his bond and mortgage for the balance, $3,500.

Walker thereupon executed, with the woman he represented to be his wife, a full covenant deed to defendant Chew, subject to these mortgages, and Mrs. Chew, on behalf of her husband, took possession. He did not come north, or see the property till July following, when he alleged that the property was not of the character described in the advertisement, and that the woman signing the deed was not the wife of Walker; that a former wife was still living in England.

On the 18th of November, 1851, Walker being about to assign this bond and mortgage to the plaintiff, he called on Mrs. Chew, at her house in New-York. Mrs. Chew there stated to the plaintiff, that the defendant Chew claimed deductions from the mortgage, but that it would be safe for him to advance Walker $1,700; that if he went beyond that amount, it must be at his own risk.

That thereupon plaintiff advanced to Walker the sum of $1,700, and took an assignment of the bond and mortgage, to secure him that sum.

On the 16th of February, 1852, the plaintiff advanced the further sum of $200 to Walker, and took a further assignment of the bond and mortgage to secure that sum.

Walker having died since this suit was commenced, it has been revived against Catharine Walker, who has been appointed administratrix, and who joined in the deed with Walker to defendant Chew.

This suit is brought on the bond to secure the $3,500, and since it commenced the whole sum secured by it has become due.

The plaintiff claims to recover for himself the two sums advanced, with interest, to Walker, and the balance secured by the bond for Mrs. Walker, the administratrix.

The defendant Chew claims a deduction from the bond, for the difference in the value of the premises, as they truly were, and what they were represented to be; and also for the value of the dower interest of the real Mrs. Walker, whose dower in the premises has not been released.

B. T. Kissam, *for plaintiff*.
Wm. S. Sears, *for defendant*.

Davies, Justice.    There can be no doubt, in my mind, that the defendant Chew was entitled to have a farm of the character described in the advertisement.    Upon the faith of that the farm was purchased, and this was well known to Walker, and he was willing to stand by it.

The proof certainly shows that, in several important particulars, the farm did not correspond with the advertisement.    I allude particularly to the number and condition of the peach-trees, the extent and quality of the fences, the extent and condition of the vineyard, the condition and quality of the house, and other particulars not so important.

Walker also undertook to give to the defendant Chew a perfect title, subject only to the mortgage of $2,000.    This, undeniably, he has not done, as it is still subject to the dower right of his wife, still living in England.    The existence of such wife is clearly made out, both by Walker's own statement, and by her evidence, and that taken under the commission issued in this cause.

I think the plaintiff is clearly entitled to the amount advanced to Walker on the 18th of November, 1851, with interest.

I am of opinion, also, that the defendant Chew is entitled to have the dower right of Mrs. Sarah Walker calculated upon the principles applicable to such cases, and to an injunction order, restraining the collection of that amount upon the bond given by him, during the lifetime of said Sarah Walker.    Such

amount, however, to be paid to the administratrix of said Peter Walker, or whoever may hold said bond and mortgage, on the production and delivery of a duly executed release of dower by said Sarah Walker to the defendant Chew, properly acknowledged, to entitle it to be recorded.

Whatever difference there may be in the value of said farm, as described in said advertisement, and as it actually was at the time of said sale, I think the defendant Chew is entitled to have deducted from said bond, or rather, to have credited as a payment on it, as of its date. The amount of such credit must be ascertained by a reference; and if the parties cannot agree upon a referee, the court will appoint one.

In any contingency, the plaintiff is entitled to recover of the defendant Chew, the sum of $1,700, and interest, from November 18, 1851, and the costs of this suit.